[No. 6,326.—Department No. 2.]

# BANK OF WOODLAND *v.* TREADWELL.

FORECLOSURE OF MORTGAGE — ATTORNEY'S FEES — PENALTY — FINDINGS.—In an action to foreclose a mortgage which provided for an attorney's fee, the answer alleges that the plaintiff's attorney received a regular salary in compensation for all his services, and that the plaintiff had not agreed or become liable to pay him any compensation for his services in the action; but the Court failed to find upon the issue, and allowed the attorney's fee provided for in the mortgage. *Held*, that the judgment should be reversed for want of sufficient findings; that the plaintiff was not entitled to an allowance for attorney's fees, except for such sum as it had paid or become liable to pay to its attorney.

APPEAL from a judgment for the plaintiff, in the Sixth District Court, County of Yolo. DENSON, J.

The facts are stated in the opinion.

*W. C. Belcher*, for Appellant.

The findings are insufficient. (*Ladd* v. *Tully*, 51 Cal. 277.) Under the provisions of the act, (Stat. 1873–4, p. 707) counsel fees can only be allowed in case the plaintiff has paid or become liable to pay such fee under that act. The provision in the mortgage is to be treated as a penalty, and the rule in such cases is universal, that no more than actual damages can be recovered. (Story Eq. Jur. §§ 1313–1316; 3 Pars. on Cont. 156–163; Civ. Code, § 3369.)

*C. P. Sprague*, for Respondent: Cited Stat. 1873–4, p. 707.

MYRICK, J.:

This is an action to foreclose a mortgage. The mortgage contained the following provision: "And we do hereby agree that in case of a foreclosure of this mortgage, the holders thereof shall be entitled to recover upon this security the sum of $100, United States gold coin, as counsel fees, in addition to costs allowed by law."

The answer contains the averment that the attorney for the plaintiff herein is a regular paid employé of plaintiff, employed by it to perform such legal business, conveyancing, and searching of records, as may be required of him, and receives for all his services the fixed sum of $10 per month, and no more; that his services in this cause are a part of his services so contracted by him to be performed, and plaintiff has no contract to pay or become liable to pay to him, or to any other attorney, any fees or compensation whatever for any services in the above-entitled cause other than his salary as aforesaid."

The Court found "that all the allegations of the complaint are true, and all the allegations and denials of the answer contradicting the complaint in any respect are untrue."

This is not a finding upon the issues tendered by the answer as above given; the judgment must therefore be reversed for want of sufficient findings.

Upon the case, as presented by the bill of exceptions, we are of opinion that plaintiff is not entitled to recover any sum as counsel fees. Plaintiff is not an attorney, and therefore cannot be allowed counsel fees for its own services; it cannot be allowed any sum for counsel fees for services rendered or to be rendered to it by an attorney, unless that attorney be entitled to receive it to himself. The object of the law allowing counsel fees is not to afford an opportunity, under cover of the name, for a speculation on the part of the creditor, but to reimburse him, in a proper amount, for a sum which he pays, or becomes liable to pay, or to relieve him of the burden of paying counsel fees. In this case the plaintiff has paid, and has become liable to pay nothing as counsel fees. It is true plaintiff pays its attorney $10 per month for various legal services, but it does not appear that that sum can be at all apportioned to the services ren-

dered herein.    Neither does it appear that the sum allowed by the Court below—$100—will belong to the attorney, or will receive any other direction than to go to plaintiff.    (*Patterson* v. *Donner*, 48 Cal. 369.)

Judgment reversed, and cause remanded.

SHARPSTEIN, J., and MORRISON, C. J., concurred.