DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 13835. In Bank. — May 1, 1891.]

E. M. DERBY AND COMPANY, RESPONDENTS, *v.* E. JACKMAN ET AL., EXECUTORS, ETC., APPELLANTS.

JUDGMENT ON PLEADINGS — RECITALS IN JUDGMENT — REVIEW UPON APPEAL. — Recitals in a judgment on the pleadings of the motion for the judgment, the grounds of the motion, the ruling upon it, and the entry of judgment as a consequence, are properly in the judgment, and upon an appeal therefrom, and in the absence of a bill of exceptions, must be taken as conclusive evidence of the action of the trial court.

ID. — ESTATES OF DECEDENTS — PRESENTATION OF CLAIM — PLEADING — SUFFICIENCY OF DENIAL. — In an action upon a claim against an estate, an allegation that the claim, duly verified, had been presented, is sufficiently denied by an affirmative allegation in the answer, that the claim was not verified or presented as required by the statute, and such averment raises a material issue, sufficient to render erroneous a judgment for plaintiff, upon the pleadings.

ID. — DEATH DURING PENDENCY OF ACTION — PRESENTATION OF CLAIM — REQUIREMENT OF PROOF. — Under section 1502 of the Code of Civil Procedure, providing that if an action is pending against a decedent at the time of his death, the plaintiff must present his claim, and that no recovery shall be had in the action unless proof be made of the presentation, the presentation of the claim must be proved in such case, although not denied in the answer, and no judgment for the plaintiff can be properly rendered upon the pleadings.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion.

LXXXIX. CAL.—1

*E. Jackman, in pro. per.*, for Appellants.

Appellants' plea in their answer to respondents' supplemental complaint, admitting the presentation of a claim, but averring that said claim was not verified or presented as required by law, raised a material issue. The judgment on the pleadings was erroneous, because no proof was made of the presentation required by statute. (Code Civ. Proc., sec. 1502.)

*J. K. Law*, for Respondents.

The appeal being taken from the judgment upon the judgment roll alone, and not from the order granting plaintiffs' motion for judgment on the pleadings (there being no bill of exceptions), the order cannot be reviewed on this appeal. The order granting the motion for judgment on the pleadings is not a part of the judgment roll, is not before this court on this appeal, and cannot be reviewed on the appeal from the judgment alone without a bill of exceptions. (Code Civ. Proc., sec. 670, subd. 2; *McAbee* v. *Randall*, 41 Cal. 136; *Feely* v. *Shirley*, 43 Cal. 369; *Hemme* v. *Hays*, 55 Cal. 337; *Philip* v. *Siering*, 63 Cal. 277.)

TEMPLE, C. — This action was commenced against the testator of defendants. The executors having been substituted for the original defendant, plaintiffs made out and presented their claim against the estate, and then filed an amended complaint, in which no mention was made of the presentation of the claim. Some months later they filed a supplemental complaint, in which the death, probate of the will, appointment and qualification of the executors, and presentation of the claim are alleged.

After answer both to the amended and supplemental complaints, the plaintiffs moved for judgment on the pleadings. The motion was granted, and the defendants appeal from the judgment.

There is no bill of exceptions, and the respondents now raise the point that the correctness of the ruling cannot be reviewed here, as the motion and the order granting it, and for judgment, are not brought up, and, as they claim, cannot be, without a bill of exceptions.

As a matter of fact, the judgment includes all that a bill of exceptions could show,— all that is necessary for a review of this action of the court.

The motion, and the grounds of it are specifically recited, and the ruling upon it and the entry of judgment as a consequence.

The question is not whether these recitals are necessary to the validity of the judgment, but whether they are properly there, and constitute for the purposes of this appeal evidence of the action of the court below.

The recitals are similar to those usually contained in what was called the *postea* of a common-law judgment, giving a history of the action of the court which led to the judgment. We think they are properly in the judgment, and in the absence of a bill of exceptions, are conclusive evidence here of the action of the court.

Instances in our reports, where such recitals are referred to as constituting evidence of what was done in the court below, are numerous. If the answers constituted a defense, judgment could not have been entered without a trial, unless the answers were disposed of in some mode known to the law. It was certainly proper to show, in the judgment, how this was done, and why judgment was entered without a trial.

The pleadings are verified, and it is claimed that the denials contained in the answers are insufficient and raise no issue. This contention we think well grounded as to most denials in the answers, but there is one fact necessary to the plaintiff's case which we think sufficiently denied to raise an issue, and therefore judgment was improperly entered on the motion.

In the supplemental complaint it is averred that a

claim duly verified was presented.   The traverse of this allegation is in the affirmative form.   Defendant avers that the claim was not verified or presented as required by the statute.   The denial of the verification seems as broad as the allegation, and if that be deemed sufficient, as we think it is, the denial must be held so.

For another reason, the judgment ought not to have been entered without evidence.   Section 1502 of the Code of Civil Procedure is as follows: —

" If an action is pending against the decedent at the time of his death, the plaintiff must. in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action, unless proof be made of the presentations required."

The effect of that section plainly is, that although due presentation of the claim be not denied, still it must be proven.   If, as claimed by respondents, this section still leaves the matter subject to the usual law of pleading, to be proven when denied but not when admitted, the requirement serves no purpose.   Such would have been the case without it.   It is just possible that this requirement was inserted under the expectation that the trial might proceed upon the pleadings as they stood at the time of the defendant's death, without any supplemental pleading.   Still, we must presume the law-makers familiar with the practice, and the language is broad enough, even on that supposition, to require proof in all cases. The case of *Drake* v. *Foster*, 52 Cal. 225, does not help the respondents, but is an authority against them.   By implication it is held that not to require such proof is error; but where there was a trial on the merits, it is held that objection on this ground cannot be made for the first time in this court.   Here the plaintiffs moved for judgment on the pleadings, without evidence, and the defendants resisted the motion.   No opportunity was afforded them for making this specific objection..

This point and this construction of the statute were sustained in *Bank of Stockton* v. *Howland,* 42 Cal. 132.

We think the judgment should be reversed and the cause remanded, with leave to defendants to amend their answer if they desire.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For reasons given in the foregoing opinion, the judgment is reversed and the cause remanded, with leave to defendants to amend their answer if they desire.