[No. 14016. In Bank. — October 5, 1891.]

## F. K. PRESCOTT ET AL., RESPONDENTS, v. W. D. GRADY, APPELLANT.

JUDGMENT UPON PLEADINGS — NOTICE OF MOTION — JUDGMENT ROLL — BILL OF EXCEPTIONS — TRANSCRIPT UPON APPEAL. — A notice of motion for judgment on the pleadings constitutes no part of the judgment roll; and where there is no bill of exceptions, there is no authority for inserting such notice in the transcript upon appeal.

ID. — NOTICE OF MOTION UPON HOLIDAY — HEARING AT LATER DATE — APPEAL — PRESUMPTION. — Where a notice of motion for judgment upon the pleadings, inserted in the transcript upon appeal, notices the hearing of the motion for a legal holiday, and the judgment recites that the motion was heard upon a date some twenty days later, and there is no bill of exceptions, it will not be presumed upon appeal that the notice set out in the transcript is the notice in pursuance of which the motion was finally heard.

ID. — DEMAND NOTE — STIPULATION FOR ATTORNEYS' FEES AND EXPENSES
OF SUIT — BREACH OF CONTRACT — PLEADING — ISSUE AS TO DEMAND.
— The maker of a demand note, which contains a stipulation for pay-
ment of a reasonable attorney's fee and all legal expenses in case the
note is collected by suit, is not in default, as respects the liability for
such special damage, until there has been a breach of the contract accord-
ing to its terms, by failure to pay upon demand; and a denial that pay-
ment of the note was ever demanded raises a material issue as to such
liability, which will preclude a judgment upon the pleadings for an at-
torney's fee.

ID. — ISSUE AS TO AMOUNT OF ATTORNEY'S FEE. — In an action upon such
note, an answer denying that the amount demanded in the complaint as
an attorney's fee or any other sum is a reasonable attorney's fee raises a
material issue, under which the defendant may either show that the
plaintiff is not entitled to any fee, or be heard as to what is a reason-
able fee; and a judgment cannot properly be rendered in favor of the
plaintiff upon the pleadings.

ID. — PLEADING — STIPULATION FOR ATTORNEYS' FEES — SPECIAL DAMAGE
— DEFENSE. — The attorney's fees, being in the nature of special dam-
age authorized by the contract to be recovered in addition to general
damages, must be specially averred; and a defendant may admit the
breach of contract, and still defend as to the amount of the damage.

APPEAL from a judgment of the Superior Court of
Fresno County.

The facts are stated in the opinion.

*Grady & Austin,* for Appellant.

*Church & Cory,* for Respondents.

TEMPLE, C. — This action is brought upon a promis-
sory note executed by defendant.    Judgment was entered
against him on the pleadings, and it recites that the de-
fendant was duly and regularly served with notice of the
time and place of hearing the motion.

There is inserted in the transcript, however, what
purports to be a notice of the hearing of the motion
May 30, 1890, a legal holiday.    The judgment recites
that the motion was heard June 20, 1890.    There is no
bill of exceptions, and we cannot conclude that the
notice, inserted without authority in the transcript, is
the notice in pursuance of which the motion was finally
heard.    The notice constitutes no part of the judgment
roll.

The judgment shows that it was entered upon the pleadings on the theory that the answer raises no issue, and the question is, whether this ruling was correct.

The suit is upon a promissory note, which is set out at length in the complaint. It is in the usual form, except that it contains this stipulation: "And if this note is collected by suit, I agree and promise that the court having jurisdiction allow a reasonable attorney's fee, together with all legal expenses, to be made part of the judgment."

It is also averred that payment has been demanded and no part paid, and that seventy-five dollars is a reasonable attorney's fee.

The answer denies that payment of the note was ever demanded; that seventy-five dollars or any other sum is a reasonable attorney's fee; and alleges that that stipulation for an attorney's fee was without consideration. All the other facts constituting plaintiffs' cause of action are expressly admitted.

Appellant does not wish to open the well-settled question whether suit may be brought upon a note payable on demand without other demand than the bringing of the suit, but he claims that the contract sued on is more than a promissory note; that it contains a stipulation for special damage in case suit be brought, and that he ought not to be held to have incurred this liability until he is in default according to the terms of his contract; that is, until he has failed to pay on demand.

On principle, it is difficult to resist this argument. It is well settled that suit may be brought at once on a demand note, but the rule does not seem to be in accord with the general principles of pleading. The cause of action would consist of the right to the money on demand, the demand, and the breach of the agreement, to wit, failure to pay. If the bringing of the suit is the demand, still, before suit brought, there was no breach. It is an exception to general rules established by precedent, and when confined to a recovery of the debt, there is no great harm in the exception; but where special damage

results from a merely imaginary breach of the contract, the case is different.

Upon giving a note payable on demand, one naturally expects that some time would be allowed. Under our code, for the purpose of fixing the liability of indorsers, the apparent maturity of such a note bearing interest is one year. It is not to be supposed that a debtor would add to his debt the liability for an attorney's fees if he expected to be sued at once.

But on giving such a note, he adds an inducement to sue at once, and without — on the view adopted by the court — a chance to escape the damage. In this light, such a stipulation is simply calculated to encourage litigation, and has, in some states, been declared against public policy and void. (*Bullock* v. *Taylor*, 39 Mich. 137; *Witherspoon* v. *Musselman*, 14 Bush, 214.) It becomes solely an inducement to sue, and not an indemnity for a dereliction on the part of the debtor.

In *Adams* v. *Seaman*, 82 Cal. 636, it was held that such a stipulation constitutes a material part of the contract, and destroys its negotiability. It would seem that it should also take it out of the limited exception to the general rules of pleading, and that such damage cannot be recovered until there has been a breach of the contract.

The answer also denies that seventy-five dollars, or any other sum, is a reasonable attorney's fee.

Respondent claims, and the court must have held, this an immaterial denial, on the ground that it was not necessary to aver what a reasonable fee would be.

In *Carriere* v. *Minturn*, 5 Cal. 435, in an action to foreclose a mortgage which stipulated for a fee of five per cent, it was said that it was not necessary to aver that five per cent was a reasonable fee, because the fee did not constitute the cause of action, but was an incident to it, like costs. Costs are not an incident to the cause of action, but to the judgment, and neither in the practice act as it then was, nor under the code, could this fee be entered as costs or be reached by a motion to retax costs.

Such a ruling apparently denies the right of the mortgagor to be heard at all upon the question of fixing the attorney's fee, although it may amount to thousands of dollars; and the effect of the decisions are, that the fee is in the nature of damages to indemnify the creditor against the necessity of paying an attorney's fee. (*Carriere* v. *Minturn*, 5 Cal. 435; *Patterson* v. *Donner*, 48 Cal. 369; *Bank of Woodland* v. *Treadwell*, 55 Cal. 379.)

*Carriere* v. *Minturn*, 5 Cal. 435, is not authority, however, for the proposition that such stipulation must not be pleaded, although it was apparently so construed in *Munroe* v. *Fohl*, 72 Cal. 568, and in *First National Bank* v. *Holt*, 87 Cal. 158, and *White* v. *Allatt*, 87 Cal. 245.

But whether these cases were rightly decided or not will not determine this question. They were all for the foreclosure of liens, and the charges were expressly authorized by statute. It might, with some plausibility, be argued in such cases that the charge is in the nature of costs, or like the allowance of a fee by a chancellor, when the rules of law justify it. Here the case is at law, and the charge not authorized by any statute. It is by virtue of the contract only. The code determines the damages for the breach of a contract for the payment of money. This is a special damage, expressly authorized by the contract to be recovered in addition to general damages. The rules of pleading require such damages to be specially averred.

A defendant may always admit the breach of the contract, and defend as to the amount of damage. Unless he can raise an issue as to such damage, he cannot have his day in court.

We think, under this answer, defendant could have shown either that plaintiff was not entitled to any fee, as in *Bank of Woodland* v. *Treadwell*, 55 Cal. 379, or could have been heard as to what would have been a reasonable fee; and perhaps might have made some other defense.

Appellant has not raised the question whether such a stipulation is valid, or whether judgment could be

entered on the pleadings where evidence would be required even on default.

We think the judgment should be reversed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed.