[S. F. No. 2280.    Department Two. — May 29, 1901.]

F. O. FRAZIER, Respondent, v. S. G. MURPHY et al., Executors of Will of Charles Hanson, Deceased, Appellants.

ESTATES OF DECEASED PERSONS — PRESENTATION OF CLAIM — ACTION FOR WORK DONE — ERRONEOUS JUDGMENT AGAINST EXECUTORS. — Upon the death of the defendant, pending an action for a balance due for work done, the claim therefor must be presented as a claim against the estate; and in the absence of proof of such presentation, a judgment against the executors as substituted defendants, payable in due course of administration, against their objection for want of such proof, is erroneous.

ID. — AMENDED ANSWER IN NAME OF DECEDENT — RECITAL — TRIAL WITHOUT OBJECTION — REVIEW UPON APPEAL. — Where an amended answer, filed in the name of the deceased defendant on the day when the executors were substituted, recited that it was filed by leave of the court, and is found among the pleadings, and it appears that the cause was tried thereupon without objection, it must be assumed upon appeal that it was treated as a pleading in the case, notwithstanding it was filed after the defendant's death, and no order of court allowing the amendment appears in the record.

ID. — ACTION AGAINST PARTNERSHIP — INDIVIDUAL ACTING IN FIRM NAME — ESTOPPEL — INAPPLICABLE RULE — PLEADING — PROOF — SUBSTITUTION OF EXECUTORS. — The rule estopping the parties and their executors from disputing the firm relationship, where an existing copartnership has dealt with a third person, cannot apply to preclude the necessity for the presentation of a claim by a plaintiff against the estate of a deceased defendant, sued as a member of an alleged firm, where the answer on which the parties went to trial, and the proof made thereunder without objection showed that the defendant was merely doing business as an individual under such firm name, which was only another name for himself, and that there was no such partnership in fact, and where the order of substitution of the executors of the deceased defendant recited that they were substituted in the place and stead of the defendant, " Charles Hanson, sued as Hanson & Co."

ID. — EXECUTORS REPRESENTING INDIVIDUAL DEFENDANT. — The substituted executors of the individual defendant could only represent him individually, and could not be made to represent a copartnership.

ID. — ESTOPPEL NOT ALLOWED IN VIOLATION OF STATUTE. — A claim of estoppel, on the ground that plaintiff was induced by the deceased defendant to engage with the firm named, under which he transacted business, believing it to be a copartnership, and that the pending action was against the partnership, and not against the estate of the defendant, at the time of his death, cannot be allowed,

as against the substituted executors of the deceased defendant, so as to permit a judgment against them in violation of the statute requiring the presentation of a claim.

ID. — EVIDENCE IN VIOLATION OF CODE. — Testimony allowed to be given by the plaintiff to prove the facts constituting the claimed estoppel, occurring prior to the death of the defendant, in violation of section 1880 of the Code of Civil Procedure, in order to evade the requirement of the presentation of a claim against the estate of the deceased defendant, was erroneously admitted. The statute cannot be thus evaded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion.

William H. Jordan, and Walter S. Brann, for Appellants.

The court erred in proceeding with the case against the executors of the deceased defendant, without the presentation of a claim against his estate. (Code Civ. Proc., secs. 1500, 1502; *Falkner* v. *Hendy*, 107 Cal. 49, 51; *Derby & Co.* v. *Jackman*, 89 Cal. 1; *Bollinger* v. *Manning*, 79 Cal. 7.) Plaintiff was incompetent as a witness. (Code Civ. Proc., sec. 1080, subd. 3; Jones on Evidence, sec. 795, and cases cited.) The use of "& Co." after a dealer's name does not create a presumption of a partnership, or that he is doing business other than as an individual. (*Brennan* v. *Pardridge*, 67 Mich. 449; *Robinson* v. *Magarity*, 28 Ill. 423; *Armstrong* v. *Robinson*, 5 Gill & J. 412.)

Isidore B. Dockweiler, Dockweiler & Carter, and Joseph F. Geary, for Respondent.

The action was pending against a partnership when Charles Hanson died, and sections 1500 and 1502 of the Code of Civil Procedure do not apply. (*Gleason* v. *White*, 34 Cal. 263.) The firm relationship could not be disputed by the defendant or his executors. (*Wise* v. *Williams*, 72 Cal. 546; *Yancey* v. *Morton*, 94 Cal. 558.)

CHIPMAN, C. — Plaintiff brought the action, by a verified complaint filed September 8, 1896, against Hanson & Co., an alleged copartnership, for a balance due for labor performed for said copartnership, from June 1, 1890, until October 1,

1894, under a written contract alleged to have been entered into May 13, 1890, with said Hanson & Co. The cause was tried by a jury, and plaintiff had the verdict, and judgment followed. Defendants appeal from the judgment, on bill of exceptions.

The third amended complaint was filed August 23, 1897, and an answer was filed October 27, 1897, denying the alleged copartnership and the alleged contract. The answer was verified by Charles Hanson. A separate defense was alleged, which need not be noticed.

Charles Hanson died March 21, 1898. There appears in the transcript an amendment to the answer, marked "Filed in open court, September 16, 1898," reciting: "Now comes Charles Hanson, and by leave of court amends his answer on file herein, by striking out subdivision 1 of said answer, and in lieu thereof inserting the following: (Subdivision 1 was a denial that there ever existed such copartnership.) Defendant alleges that the designation Hanson & Company is the name under which Charles Hanson, during all the times mentioned in plaintiff's complaint, has transacted his business, and that said designation stands for, always has stood for, means, and always has meant, Charles Hanson, and no other person or persons, and the said Charles Hanson, responding to said designation and name, states that he is the person on whom a copy of the complaint and summons in this action was served, and that he makes answer thereto as and for the said Hanson & Company; and he expressly denies that the said Hanson & Company herein named as a defendant is or ever was a copartnership."

Plaintiff's counsel filed in open court a written waiver of verification of the proposed amendment, and waiver of notice of motion to file said amendment, adding: "but nothing herein contained shall be deemed or construed to be a consent upon the part of the plaintiff that said amendment may be allowed." No objection to this amendment, nor to the petition and order, next to be noticed, appears in the record, except as it may be inferred from the above, which we do not think can be construed to be an objection. On the same day, September 16th, defendants, Samuel G. Murphy and H. C. Cheseborough, executors of the last will of Charles Hanson, deceased, applied to the court to be substituted as defendants in the cause, alleging that Hanson died March 21, 1898, and also alleging their ap-

pointment as executors, and on the same day the court made an order that said executors "be, and they are hereby, substituted as defendants in the place and stead of Charles Hanson, sued as Hanson & Co." There is in the record no order allowing the amendment to the answer above stated. But, as it recites that it was filed by leave of court, and is found among the pleadings, and as the substitution of the executors made by order of court the same day appears to recognize the fact that the amendment was part of the pleadings, we must assume that it was treated as a pleading in the case, notwithstanding it was filed after Hanson's death. Defendants, Murphy and Cheseborough, asked and obtained leave of court to file a supplemental answer to the amended complaint, in which they allege the death of Hanson and their appointment as executors. A demurrer to the proposed pleading was sustained. It is of no particular consequence that this supplemental answer cannot be considered, as it elsewhere appears that defendants were substituted on petition showing their appointment as executors, and the death of Hanson, and these facts were proved at the trial without objection. In this condition of the pleadings the cause went to trial.

To perfectly understand the question involved, it should perhaps be stated here that, upon the coming in of the verdict, plaintiff, to make it conform to the pleadings, caused it to be put in the following form: "F. O. Frazier v. S. G. Murphy and H. C. Cheseborough, as executors of the last will and testament of Charles Hanson, deceased, substituted herein as parties defendants for and in place of Hanson & Co., defendants. We, the jury in the above-entitled cause, find a verdict in favor of plaintiff and against defendants," etc., and the court entered judgment on the verdict against the executors, "payable in due course of administration."

1. Defendants objected to further proceedings, and to the taking of evidence in support of the action, on the ground that no claim had been presented to or filed with the executors for the indebtedness sued upon. The court overruled the objection, and defendants excepted. At the close of the trial, defendants objected to the verdict, and moved to set it aside on the ground that "it now appears to be a verdict entered against the executors of the estate of Charles Hanson, deceased, whereas the evidence shows there never has been any claim presented to those executors in the matter sued upon." The motion was

denied, and defendants excepted. The complaint did not allege any presentation of the claim to the executors, and it was admitted at the trial that the claim sued upon had not been presented to them. Section 1500 of the Code of Civil Procedure provides as follows: "No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following case." This case is not within the exception. Section 1502 of the same code provides as follows: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as in other cases; and no recovery shall be had in the action unless proof be made of the presentation required."

Unless the case is in some way relieved from the operation of the statute, it was error to proceed with the trial after the executors were substituted for the only answering defendant, and it was error to enter a judgment against the executors, in the absence of any proof that the claim had been presented to them. It was held in *Derby & Co.* v. *Jackman*, 89 Cal. 1, that "although due presentation of the claim be not denied, still it must be proven." And it was held in *Falkner* v. *Hendy*, 107 Cal. 49, that while "proof of the presentation of the claim is not a fact essential to the validity of a judgment, —where no issue has been made upon that question,— . . . the failure to make proof is ground for reversal, when objection is made in the trial court and the exception properly preserved." In some respects the Hendy case is like the one at bar. The trial was in progress when Hendy died; his death was suggested, and it was ordered that the case be continued in the names of the executors, and at the first session after his death defendants objected to further proceeding with the trial, or the taking of further testimony in the case, upon the ground that the claim upon which the action was based had not been presented for allowance to the executors of deceased. The evidence was being taken before a referee. The court said: "The referee should not have proceeded at all with the case until letters had been issued and the representatives brought in. . . . Litigants must know, at their peril, of the death of an adversary. . . . Undoubtedly, respondent had the right to present his claim to the representatives of Hendy at any time within the period allowed by law for the presentation of claims, but he

was not entitled to recover a judgment which will bind the estate of Hendy until such presentation had been made."

2. Respondent invokes the doctrine of estoppel, and in support of his contention claims that as Hanson & Co., as a firm, dealt with plaintiff, neither plaintiff nor Hanson could dispute the firm relationship, and that the personal representatives of Hanson stand in no better position. (Citing *Wise* v. *Williams*, 72 Cal. 546; *Yancey* v. *Morton*, 94 Cal. 558.)

We cannot see that either the rule or the reason of the rule in these cases has any application here. The pleadings on which the parties went to trial showed, and it was proved without objection, that Hanson & Co. was only another name for Charles Hanson; that Hanson & Co. and Charles Hanson were one and the same person. When the court ordered the substitution of the executors " in the place and stead of Charles Hanson, sued as Hanson & Co.," they were not substituted as representatives of any partnership; the court could not make them representatives of a copartnership, and deal with them as such, for they represented only Charles Hanson, deceased. If the action was to proceed on the theory that a partnership existed, the survivors of the partnership alone could close its affairs, and they should have been brought in as defendants, and the executors not made parties at all; if it was not a partnership, but merely another designation for Charles Hanson, then it was necessary to substitute his executors after his death, and the court very properly—we suppose on this latter assumption—made the order. In this attitude the case narrowed itself to an action against the executors representing Charles Hanson, deceased, and not representing in any sense a partnership. It so resulted, for the verdict was against the executors, and the judgment was against them, with direction to pay the same in due course of administration. This was in direct violation of the statute, which required presentation of the claim before any judgment could be entered.

Section 1502 of the Code of Civil Procedure "simply means that when an action is pending against a decedent at the time of his death, the plaintiff therein is not relieved from the duty of presenting for allowance the claim upon which it is based, when the claim is of that character that he would have been required to make such presentation in order to preserve its validity as a claim against the estate if such action had not been brought in the lifetime of the decedent." (*Hibernia etc. Society* v. *Wackenreuder*, 99 Cal. 503.)

Against the objection of defendants, that it was in violation of subdivision 3 of section 1880 of the Code of Civil Procedure, plaintiff was permitted to testify to what Charles Hanson said and did prior to, at the time of, and after plaintiff's engagement to work for Hanson & Co., and after his work had ceased, as well as other facts occurring before the death of the deceased. The trial court held that plaintiff could testify to any facts occurring from the beginning of his employment to the close thereof, which would tend to establish an estoppel against the executors, now the defendants, and that upon the estoppel being shown to the satisfaction of the jury, the jury could then consider the plaintiff's testimony on the merits, regardless of the code provision which declares: "The following persons cannot be witnesses: . . . 3. Parties or assignees of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person." (Code Civ. Proc., sec. 1880, subd. 3.)

The estoppel set up by plaintiff was, that plaintiff was induced by Charles Hanson to engage with Hanson & Co., believing the latter to be a copartnership, and that neither Charles Hanson nor his representatives can now be heard to dispute the fact; that the claim sued upon was not against the estate, but was against the partnership, and hence this was not "an action pending against the decedent at the time of his death," and section 1880 of the Code of Civil Procedure does not apply.

If it was merely a question whether Hanson was a member of Hanson & Co., and the plaintiff was seeking to reach the assets of the copartnership of which Hanson had led plaintiff to believe he was a member, Hanson might be estopped from denying the partnership. But·that is not the situation here. Plaintiff is endeavoring to reach the property of Hanson's estate, in disregard of a positive statute requiring the presentation of the claim. Hanson may not have been entirely ingenuous when he first answered and denied the partnership without disclosing the real truth as to Hanson & Co. But the truth was made manifest when it was answered, after his death, that he was Hanson & Co., and his executors were substituted "for Charles Hanson, sued as Hanson & Co." Nothing then stood in the way but the presentation of the claim to

the executors, as, in *Falkner* v. *Hendy,* 107 Cal. 49, was decided to be essential to recovery against the executors. We can see no reason why it was not done, unless it be that plaintiff feared it might create some impediment in the matter of making the proof under the statute (Code Civ. Proc., sec. 1880); and if the theory of counsel was to avoid this statute by invoking the doctrine of estoppel, it only furnishes another reason for the view we have expressed, since the theory involved the violation not only of section 1880, but also sections 1500 and 1502. We see no reason for permitting an estoppel to be proved in violation of section 1880, any more than any other fact in the case.

We do not believe the doctrine of estoppel can be invoked where, to give it effect, there must be entire disregard of statute law. Sections 1500 and 1502 admit of no exceptions. *Wise* v. *Williams,* 72 Cal. 546, did not involve these provisions at all. In that case the note and mortgage were presented to the administratrix, and no question of presentation of the claim arose.

To prove the estoppel, plaintiff was permitted to show the facts in the very way that the statute (sec. 1880) says may not be done, and this, in order to evade the other statute. (Code Civ. Proc., secs. 1500, 1502.) In other words, one statute was violated in order to create a situation which would render the other statute inapplicable, or which would permit its violation. We do not believe the statute can be thus evaded. Even if plaintiff could show a state of facts constituting an estoppel *in pais,* as this was, and could thus qualify himself to testify as to the merits, he would still have confronting him the prohibitive provisions of sections 1500 and 1502. In no view of the matter can we see how the judgment can stand. This conclusion renders it unnecessary to determine whether plaintiff succeeded in proving an estoppel, which defendants, with some reason, contend they failed to do; and it is also unnecessary to pass upon the alleged errors in admitting evidence, to establish the estoppel, as to the conduct and acts and declarations of Hanson long after plaintiff had changed his position by engaging in Hanson's service. These and other questions become immaterial. It is advised that the judgment be reversed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Henshaw, J., Temple, J., McFarland, J.