[Civ. No. 1092.    Second Appellate District.—May 4, 1912.]

## C. L. CONNER, Respondent, v. H. A. BLODGET, Appellant.

ACTION UPON NOTE—AGREEMENT TO PAY "ATTORNEYS' FEES WHICH MAY BE INCURRED IN COLLECTION"—AVERMENT OF REASONABLE FEE —NEGATIVE PAYMENT.—In an action upon a note under an agreement to pay "attorneys' fees which may be incurred in the collection of this note," where the complaint averred that "five hundred dollars is a reasonable fee to be allowed plaintiff as attorneys' fees in the collection of said note and the prosecution of this suit," and the defendant merely denied "that five hundred dollars is a reasonable fee to be allowed the plaintiff as attorney's fee in the collection of such note and prosecution of this suit, or otherwise or at all," such denial admitted that any fee under $500 was reasonable. In this state of the pleadings, the court was authorized to allow $300 as a reasonable fee.

ID.—UNNECESSARY ALLEGATION AND PROOF—EXPRESS AGREEMENT TO EMPLOY AND PAY PLAINTIFF.—It was not incumbent upon the plaintiff to allege and show by express proof that an attorney had been employed, and that an agreement had been made to pay him, before the court was authorized to make an allowance for attorneys' fees as having been "incurred" by the plaintiff.

Id.—Proper Foundation in Record for Allowance of Fees by Court —Expert Evidence not Required.—Where the record shows that plaintiff's action was brought by an attorney at law, who signed the complaint, alleging reasonable attorneys' fees, and who also appeared in court, and presented a motion for judgment upon the pleadings, which was granted, the court was authorized, when the nature and extent of the services rendered by the plaintiff were made to appear from the papers and proceedings had, or by other evidence, to fix such an amount as would be a reasonable compensation for such services, without hearing any expert evidence thereon.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, for Appellant.

George E. Whitaker, for Respondent.

JAMES, J.—This is an action brought upon a promissory note executed by defendant which contained the agreement of appellant to pay, in addition to the principal sum and interest, "all legal expenses and attorney's fees which may be incurred in the collection of this note." Plaintiff set out in his complaint the note *in haec verba*, alleged the nonpayment of the balance due thereon, and with reference to the matter of attorney's fees alleged as follows: "That five hundred dollars is a reasonable fee to be allowed plaintiff as attorney's fees in the collection of said note and prosecution of this suit." To this complaint defendant filed an answer which contained only the following denial: "Denies that five hundred dollars is a reasonable fee to be allowed the plaintiff as attorney's fee in the collection of said note and prosecution of this suit in any manner, or otherwise, or at all." This being the state of the pleadings, a motion was made on behalf of plaintiff for judgment without trial, which motion was granted by the court, and judgment was thereupon entered for the amount of principal and interest due, together with $300 as attorney's fees and costs. Defendant on this appeal taken from that judgment makes the contention that under the allegations of the complaint it was not shown that any attorney's fees had been incurred, and that therefore there was no jurisdiction in the court to award to the plaintiff judg-

ment for any amount on that account. By his answer defendant denied only that the amount of $500 was a reasonable attorney's fee to be allowed. The denial in that form admitted, of course, that any sum less than $500 was a reasonable fee, and the court by its judgment found the sum of $300 to be a reasonable fee, which was an amount within that admitted by appellant to be reasonable. In the case of *Prescott* v. *Grady,* 91 Cal. 518, [27 Pac. 755], the denial there made by the defendant to a like demand was "that seventy-five dollars, or any other sum, is a reasonable attorney's fee." In that case the court said: "We think, under this answer, defendant could have shown either that plaintiff was not entitled to any fee, as in *Bank of Woodland* v. *Treadwell,* 55 Cal. 379, or could have been heard as to what would have been a reasonable fee; and perhaps might have made some other defense." The denial made in that case by the defendant covered every amount asserted by the complaint to be a reasonable fee, which the denial here, as we have pointed out, did not do. Neither do we think that it was incumbent upon the plaintiff to allege and show by express proof that an attorney had been employed and an agreement had been made to pay him before the court was authorized to make an allowance for attorney's fees as having been "incurred" by the plaintiff. As affecting that question, the facts in this case are very similar to those disclosed by the opinion in the case of *Alexander* v. *McDow,* 108 Cal. 25, [41 Pac. 24]. There the note provided that there should be paid "ten per cent of total amount due for attorney's fees incurred in the collection of this note, when collection is made by attorney or other officer." In that case the complaint contained no allegation that attorney's fees had been incurred, and the court said: "We think, also, that there is sufficient in the complaint to support the allowance of attorney's fees. The note, which is set forth in full, provides for them, and the prayer of the complaint asks for them, and the action is brought by an attorney at law. The sum asked as attorney's fees is susceptible of exact determination by simple mathematical calculation. It is fairly deducible from the complaint, therefore, that plaintiff asks an allowance of a specific sum as being reasonable and due for attorney's fees under the contract. It is true that this demand is in the nature of special damages, the allowance of which might have

been contested by defendant. (*Prescott* v. *Grady,* 91 Cal. 518, [27 Pac. 755].) But his default admits the truth of the matters pleaded, and must, therefore, be construed to admit that the amount claimed is both reasonable and due. Thus no evidence was required to be taken for the purpose of fixing that amount.'' It appears from the record in this case that the action was brought by an attorney at law, who signed the complaint and also appeared in court and presented the motion for judgment on the pleadings. The court was authorized, when the nature and extent of the services rendered by the attorney were made to appear from the papers and proceedings had, or by other evidence, to fix such an amount as would be a reasonable compensation for such services without hearing any expert evidence thereon. (*Spencer* v. *Collins,* 156 Cal. 298, [20 Ann. Cas. 49, 104 Pac. 320].) For the reasons stated, we think that under the pleadings the judgment as entered by the court was fully authorized.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1912.