HART, Respondent, v. BJERKE, Appellant.

(149 N. W. 423.)

**Executors and Administrators—Claims—Death Pending Suit—Presentation to Probate Court.**

The amendment by Laws 1913, Ch. 207, of Prob. Code, Secs. 174-176, concerning the presentation of all claims against a decendent's estate, to the probate court, to be passed upon by it, does not affect Sec. 180, Prob. Code, requiring one having a claim, upon which action was pending against decedent at his death, to present his claim to the administrator, as a condition precedent to recovery in a pending action against decedent; and where presentation of the claim to the administrator was so made, held, it was unnecessary, in order to proceed to judgment in the suit, to have the claim passed upon and rejected by probate court.

(Opinion filed November 24, 1914.)

Appeal from Circuit Court, Day County. Hon. THOS. L. BOUCK, Judge.

Action by Harry F. Hart against N. E. Bjerke, administrator of Emil K. Bjerke, deceased, upon a claim against decedent, which was the subject of a pending suit at the death of decedent. From

a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Anderson & Waddell,* and *H. H. Potter,* for Appellant.

*Lewis W. Bicknell, Howard Babcock,* and *John Alley,* for Respondent.

Appellant cited:

Laws 1913, Ch. 207; Const. Art. 5, Sec. 20; In re Sjurson, 137 N. W. 341; State ex rel. Ochsenreiter v. Blegen, 128 N. W. 488.

Respondent cited:

Section 91, Code of Civil Procedure; Prob. Code, Sec. 180; Kline v. Gingery, 25 S. D. 16; 124 N. W. Rep. 958; Gregory v. Clabroughs, executors, 129 Cal. 475, 62 Pac. 72; 30 Cyc. 1146 to 1150.

McCOY, J.   There was verdict and judgment in favor of plaintiff and against N. E. Bjerke, as administrator of the estate of Emil K. Bjerke.   The action was commenced by the service of summons and complaint upon the defendant, Emil K. Bjerke, and after appearance and answer were made by him, but before judgment, he died, and N. E. Bjerke was thereafter appointed and qualified as administrator.   Thereafter, and before the expiration of the time set by notice to creditors, given under the law, plaintiff presented his claim, which is the subject of this action, to said administrator for allowance or rejection, and said administrator wholly rejected the same.

The first contention of appellant is that, under such circumstances, plaintiff cannot maintain this action; that under the provisions of chapter 207, Laws of 1913, such an action cannot proceed to judgment until the claim has been passed upon and rejected by the judge of the county court.   On the other hand, respondent contends that the provisions of section 180 of the Probate Code have in no manner been repealed, or added to, enlarged or restricted, by the provisions of said chapter 207.   We are of the view that respondent is right in this contention.   It is clear that there were two distinct classes of claims comprehended within the provisions of sections 174, 175, 176, 177, and 180 of the Probate Code: (1) Claims as to which no action was pending at the time of the death of the alleged deceased debtor; (2) claims as to which an action had been commenced and was pending at

the time of the debtor's death. But for section 180, where the administrator was subsequently substituted as a party, the action pending at decedent's death would not be suspended, nor the claim on which it was based required to be presented to the administrator at all, as claims of that class were clearly not within the provisions of sections 174, 175, 176 and 177. The provisions of chapter 207 relate only to claims of the first class, and have no application whatever to claims of the second class. There is no inherent conflict between the provisions of sections 174, 175, and 176, as amended by chapter 207, and section 180. By the title of chapter 207 it appears that there was no legislative intent to interfere with section 180. The amendments made by chapter 207 are pertinent, and relate only to matters comprehended within sections 174, 175, and 176, and do not in any manner relate to matters pertinent to or within section 180. Section 174, as amended, still provides for the presenting of claims to the administrator for allowance or rejection, and in the same manner a claim based on a pending action may be authenticated and presented to the administrator for rejection or allowance, as a condition precedent to the further progress of the action, without also having been presented to the judge of the county court. The evident purpose of section 180 was to call the administrator's attention to the pendency of the action, as under this section it was not necessary that the administrator reject the claim in order to remove the obstacle to the further procedure of the pending action; but proof of presentation was all that was required. There could be no useful purpose served by also making a presentation to the judge of the county court. Section 180 of our Code is the same as section 1502, California Code of Civil Procedure. The views we have expressed seem to harmonize with the California decisions upon this subject. 1 Church, Probate Prac. p. 763; Derby v. Jackman, 89 Cal. 1, 26 Pac. 610; Gregory v. Clabrough, 129 Cal. 475, 62 Pac. 72; Frazier v. Murphy, 133 Cal. 91, 65 Pac. 326; 18 Cyc. 453. In Gregory v. Clabrough it was held that section 1499, California Code (which corresponds to section 177 of our Probate Code), can have no application to a case where the action was already pending when the claim was presented. All that is required of the plaintiff in such case is simply to present his claim.

It is also contended by appellant that there is not sufficient

evidence as to the value of plaintiff's services in negotiating the exchange of the property set out in paragraph 2 of the complaint. We are of the view that this contention is untenable.

Finding no error in the record, the judgment and order appealed from are affirmed.