[Civ. No. 3264. First Appellate District, Division Two.—March 30, 1920.]

INTERNATIONAL INDEMNITY COMPANY (a Corporation), Respondent, v. JOSEPH BUCHER et al., Appellants.

[1] MORTGAGES—FORECLOSURE—ATTORNEY'S FEES—EVIDENCE.—In this action to foreclose a mortgage on real property which provided that in the event of foreclosure a reasonable attorney's fee, to be fixed by the court, was to be paid by the mortgagor, there was no evidence to support the defense that the only attorney engaged by plaintiff was one who was regularly employed on a salary for all services rendered him, including his legal services in this action, the agreement on which defendants relied, and by which the plaintiff agreed to pay its counsel a fixed compensation for a given period, having expired prior to the commencement of the action and no evidence having been introduced to prove that it had been extended or that a new agreement for the payment of compensation for legal services had been made.

[2] ID.—APPEARANCE OF COUNSEL—RIGHT TO FEES—PLEADING—EVIDENCE.—In such action it was not necessary for plaintiff to allege or prove that an attorney had been employed by it or that an agreement had been made to pay him for his services rendered in connection with the case. The fact that an attorney appeared for plaintiff was sufficient to warrant the court in allowing plaintiff compensation for attorney's fees as having been incurred by it.

[3] ID.—OFFICER OF CORPORATION AS COUNSEL—RIGHT TO FEES.—A specific agreement for that purpose is not necessary to entitle an attorney for a corporation to compensation for services rendered in an action to foreclose a mortgage which provides that in the event of foreclosure a reasonable attorney's fee, to be fixed by the court, is to be paid by the mortgagor, notwithstanding such attorney is an officer of the corporation and hence occupies a position of trust.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank F. Oster, Joseph L. Lewinsohn and Jerry H. Powell for Appellants.

N. Blackstock for Respondent.

NOURSE, J.—Plaintiff corporation instituted this action to foreclose a mortgage on real estate of the defendants. The complaint contained the usual allegations in a suit of this nature, including the mortgage in full, wherein it was provided that in the event of foreclosure a reasonable attorney's fee, to be fixed by the court, was to be paid by the mortgagor. The essential allegations of the complaint were admitted by the defendants in their answer, but as to the payment of the attorney's fee they set up the defense that the only attorney engaged by plaintiff in this action was one who was regularly employed by it as its counsel at a fixed salary and other compensation for all services rendered by the attorney, including his legal services in this action. After trial the court found that it was not true that said attorney was employed on a salary for all services as alleged in the answer, but that his salary was paid to him as president of the corporation and that said corporation was obligated to its attorney to pay him what his services in this action might be reasonably worth. Upon these findings the court awarded judgment in favor of plaintiff for $8,425.28 as principal and the additional sum of $365 as attorney's fees. The only objection to the judgment on behalf of defendants goes to the correctness of the findings as to the allowance of attorney's fees.

[1] In support of their special defense the defendants proffered evidence of a written contract executed by the plaintiff corporation and its counsel in this action on the twenty-sixth day of January, 1912, whereby said counsel was employed for the period of five years at a fixed compensation to be paid for all legal services rendered by him on behalf of the corporation. The same agreement provided that as president of the corporation he should receive no compensation. This agreement, by its terms, expired on January 26, 1917, and no evidence was offered tending to prove that it had either been extended or that a new agreement for the payment of compensation for legal services had been made. This action was commenced January 22, 1918, and the only effort of proof of an agreement on the part of the corporation to pay compensation to its counsel in this case was the introduction of the resolution of its board of directors passed on May 1, 1918, wherein the corporation fixed the salary of its president, the same party who appeared as its

counsel in this case, at $250 a month. If this evidence proves anything material to the issues in this case, it is that the directors of the corporation, by fixing the salary of its president, deemed as no longer in force the contract of January 26, 1912, which provided that the president should receive no compensation as such. There is not the slightest evidence to support the special defense raised by defendants, and nothing from which even an inference might be drawn to bring the case within *Bank of Woodland* v. *Treadwell*, 55 Cal. 379.

[2] It was not necessary for plaintiff to allege or prove that an attorney had been employed by it or that an agreement had been made to pay him for his services rendered in connection with this case. The fact that an attorney appeared for plaintiff in the action was sufficient to warrant the court in allowing plaintiff compensation for attorney's fees as having been incurred by it in this action. (*Conner* v. *Blodget*, 18 Cal. App. 787, 789, [124 Pac. 733].)

[3] It is also argued that, because plaintiff's counsel was an officer and hence a trustee of the plaintiff corporation, he was not entitled to compensation for his services in connection with this action in the absence of a resolution or by-law of the corporation authorizing such compensation to be paid. In this connection it is argued that, inasmuch as plaintiff's counsel occupied a position of trust as president of the corporation, the services rendered by him must be deemed to have been gratuitous unless a specific contract was made for that purpose. To this point cases from the Illinois courts are cited. It is sufficient to say that appellant has selected authorities from one of the few states which recognize the common-law doctrine that a trustee is not entitled to compensation for services rendered in connection with the trust. Such is not the rule in California, and the cases cited are not applicable.

It is not necessary to consider the objections raised to the introduction of evidence, because the admission of such evidence, if error, was not prejudicial to defendants. Full opportunity was given to them to prove the allegations of their special defense, and this they failed to do.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.