[Civ. No. 3310. Second Appellate District, Division One.—May 18, 1920.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Special Administrator, etc., Respondent, v. WILL D. GOULD, as Executor, etc., Appellant.

[1] PLEADING — SUPPLEMENTAL COMPLAINT — SERVICE OF SUMMONS.— Where, in an action upon a promissory note, following the death of the maker, a supplemental complaint is filed, in which the substance of the original complaint is incorporated, together with appropriate allegations showing the death of the maker of the note, the appointment of the executor, and the presentation of a claim, and summons is issued upon such supplemental complaint and served upon the executor, there is no necessity or requirement that such executor should be served with the summons issued on the original complaint.

[2] ATTORNEY'S FEES — ACTION ON PROMISSORY NOTE — CHARGE INCURRED—EVIDENCE.—The plaintiff in an action on a promissory note is not to be denied attorney's fees because of the fact that one of its attorneys is a regularly paid attorney for whose services in the case no additional charge is incurred, where the main counsel in the case is not connected with plaintiff, but is specially employed by plaintiff, and plaintiff is liable to this counsel for such an amount as will compensate him for his services.

[3] ID.—VALUE OF SERVICES—DETERMINATION BY COURT—EVIDENCE.— Where the complaint in such action alleges that a special attorney has been employed, and that attorney takes the stand and testifies to the different acts which he has performed in the conduct of the case from its commencement, the court is authorized to form its own conclusion as to the value of such services; and even though testimony is given by experienced attorneys as to what, in their opinion, would be a reasonable fee, the court, under such circumstances, may disregard such testimony and make an allowance for attorneys' fees in accordance with its own conclusion.

[4] ESTATES OF DECEASED PERSONS — ACTION ON CLAIM — PERSONAL LIABILITY OF ADMINISTRATOR FOR COSTS.—In an action upon a promissory note against the special administrator of the estate of the deceased maker of the note, following the rejection of a claim based on such note, it is within the discretion of the court to assess the additional costs incurred against the administrator personally without any particular finding of mismanagement or bad faith.

[5] ID.—PRESENTATION OF CLAIM AS PREREQUISITE TO SUIT.—The presentation of a claim for damages arising out of an alleged

wrongful attachment, or for attorney's fees for services rendered the estate after the death of the decedent but prior to the appointment of a special administrator, is a necessary prerequisite to the bringing of a suit thereon.

[6] Id.—Attorney's Fees—Nature of Charge—Proper Exclusion of Evidence.—Attorney's fees are not charges directly against the estate of a deceased, but are allowances made to .the administrator or executor; therefore, in an action upon a promissory note by the special administrator of the estate of the deceased payee, testimony to sustain an alleged cause of action, by way of cross-complaint, for compensation for services as attorney rendered by the maker of the note to such estate after the death of the payee but prior to the appointment of plaintiff as special administrator, is properly excluded.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould, *in pro. per.*, for Appellant.

Thos. C. Ridgway for Respondent.

JAMES, J.—This action was brought in the lifetime of James H. Blanchard to recover upon a promissory note made in favor of Samuel F. Baker, of whose estate plaintiff is the special administrator. The judgment was in favor of plaintiff, and the defendant, in his representative capacity as executor of the estate of Blanchard, appeals.

Summons in the action was not served upon Blanchard, but after his death his executor was substituted as party defendant and a claim for the amounts sued for was regularly presented to such executor. The executor allowed the claim for the principal amount of the note and interest and rejected the same as for any attorney's fees or costs. Supplemental complaint was then filed, in which the substance of the original complaint was incorporated, together with appropriate allegations showing the death of the maker of the note, the appointment of the executor, and presentation of the claim. The summons was issued upon this supplemental complaint and served upon the executor. [1] One of the points made by appellant is that he should have been served with the summons on the original complaint. How-

ever, the plaintiff appears to have proceeded in strict compliance with the law in such a case, and as the supplemental complaint stated a complete cause of action in itself, there was no necessity or requirement that any other summons than that served should have been used. (Sec. 1502, Code Civ. Proc.) In *Falkner* v. *Hendy*, 107 Cal. 49, at page 52, [40 Pac. 22], the court said: "Section 1502 of the Code of Civil Procedure provides that, if an action is pending against a decedent at the time of his death, it must be presented to the executor or administrator as in other cases; 'and no recovery shall be had in the action unless proof be made of the presentations required.' Regularly, in such cases, a supplemental complaint should be filed, alleging the death and due presentation of the claim." (*Frazier* v. *Murphy*, 133 Cal. 91, [65 Pac. 326].) In *McMinn* v. *Whelan*, 27 Cal. 300, at page 313, the court declared: "By filing the supplemental complaint and issuing a summons thereon, the original action became merged in the action as supplemented by the addition of parties and subject matter, and the summons last issued should have been served by publication in order to clothe the court with jurisdiction of the persons of the absent defendants." In the claim as presented to the executor the claimant set forth that "$300 is a reasonable attorneys' fee therein, and in addition thereto claimant incurred costs of court and sheriff's fees amounting to $11.75." As before noted, the executor allowed only the principal sum and interest due and rejected the "balance" of the claim. The trial judge made an allowance of $105 for attorneys' fees and included the $11.75 costs. The additional costs incurred in this action, which amounted to $8.35, were assessed against the executor personally. Appellant complains that under the evidence no attorneys' fees should have been allowed; also that the item of costs last mentioned should not have been assessed against the executor personally. [2] The first contention is based upon the fact that it appeared in evidence that one of the attorneys for the plaintiff was a regular paid attorney of plaintiff corporation and that, therefore, it appeared that plaintiff had not incurred by reason of this action any charge which it was not obligated to pay in the course of its own business. This contention, however, is not borne out by the evidence, because it is shown that the main counsel in the case was not connected

with the plaintiff corporation, but was specially employed by plaintiff and that plaintiff was liable to this counsel for such an amount as would compensate him for his services. [3] This evidence was sufficient to sustain the allowance as made. On the last question, *Prescott et al.* v. *Grady,* 91 Cal. 518, [27 Pac. 755], is not at all decisive in favor of appellant's position. In this case it was particularly alleged in the complaint that a special attorney had been employed, and this attorney testified to different acts which he had performed in the conduct of the case from its commencement. The court, considering the work performed and shown in evidence, was authorized to form its own conclusion as to the value of such services, which were purely legal. (*Conner* v. *Blodget,* 18 Cal. App. 787, [124 Pac. 733]; *Eastman* v. *Sunset Park Land Co.,* 35 Cal. App. 628, [170 Pac. 642].) Even though testimony had been given by experienced attorneys as to what, in their opinion, would be a reasonable fee, the court, under the circumstances of this case, might have disregarded such testimony. [4] It is within the discretion of the court to assess these costs against the executor personally without making any particular finding of mismanagement or bad faith. (*Meyer* v. *O'Rourke,* 150 Cal. 177, [88 Pac. 706].) The decision last cited also holds that where the executor appeals in his representative capacity alone (as is the case here), he is not an aggrieved party in the sense that permits him to contest the allowance of a judge for costs entered against him personally.

[5] By way of counterclaim, defendant charged that an attachment against the property of his testator was levied without cause or sufficient reason, and prayed for damages on that account in the sum of $1,000. By cross-complaint he asserted a charge against the estate of Baker for attorney's fees rendered by the deceased after the death of Baker and before the appointment of plaintiff as special administrator. The court properly refused to allow testimony to be given to sustain either alleged cause of action. This ruling in the first place was properly made because it was not pretended that any claim had been presented against the estate of Baker covering the matters alleged. The presentation of such a claim was a necessary prerequisite to the bringing of suit. [6] As to the attorney's fees, a further answer is suggested to the alleged cause of action made

by the cross-complaint, to wit: that attorney's fees are not charges directly against an estate, but are allowances made to the administrator or executor. To this point respondent cites *Briggs et al.* v. *Breen et al.,* 123 Cal. 657, [56 Pac. 633, 886]. The findings made by the trial judge sufficiently disposed of the issues presented.

We find no error in the record sustaining appellant's plea for a reversal.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1920, and the following opinion then rendered thereon:

ANGELLOTTI, C. J.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, is denied.

As to the refusal of the trial court to allow testimony to sustain the claim of defendant's testator for attorney's fees for services rendered in the matter of the *Estate of Baker,* if the services were rendered to someone authorized to bind the estate, the action of the trial court is correct, for the reason that the matter was one to be adjudicated in the probate proceedings.

Shaw, J., Lawlor, J., and Sloane, J., concurred.