108   25
111  189
112  567

108   25
122  310
123  159

108   25
e146 684

[No. 18405.   Department Two.—July 8, 1895.]

## JULES ALEXANDER, RESPONDENT, *v.* L. D. McDOW, APPELLANT.

SUMMONS—RETURN OF SERVICE—CLERICAL ERROR—VACATION OF JUDGMENT BY DEFAULT.—Where a summons against one defendant only is returned as having been served upon the defendant personally an irregularity consisting of a clerical error or slip of the pen, by which a letter is affixed to the last name of the defendant which did not belong to his name, does not affect the regular service of the summons, and the irregularity is no ground for vacating a judgment by default.

ACTION UPON NOTE—SUFFICIENCY OF PLEADING—ASSIGNMENT TO PLAINTIFF—SUPPORT OF JUDGMENT.—In an action upon a note a complaint alleging the execution of the note set out in *hæc verba*, and described as indorsed by the payees to the plaintiff by name, accompanied by the allegation that no part of the note had been paid, and that the whole thereof is due and owing from the defendant to the plaintiff, though defective in not distinctly alleging an assignment of the note to the plaintiff, is sufficient to support a judgment by default, which cures all defects in averments which by fair and reasonable intendment have been pleaded, though defectively. Such complaint shows an indorsement by assignment of the note to the plaintiff, and that plaintiff is the owner and holder of it.

ID.—ALLOWANCE OF ATTORNEYS' FEES—STIPULATION IN NOTE—DEFAULT. Where the body of the note set forth in the complaint provides for an allowance of ten per cent for attorneys' fees for the collection of the note, and the prayer of the complaint is for such an allowance, and it appears that the action was brought by an attorney at law, the default of the defendant admits the reasonableness of the claim for attorneys' fees, and no evidence was required to be taken for the purpose of fixing the agreed allowance in the judgment, although the allowance might have been contested by the defendant.

ID.—JUDGMENT FOR ATTORNEYS' FEES ENTERED BY CLERK—MINISTERIAL ACTION.—The action of the clerk in estimating and adding the amount of attorneys' fees to the judgment by default is as purely ministerial as his calculation of interest upon the principal sum of the note, and he was acting within the scope of his authority in entering judgment for the attorneys' fees.

ID.—SPECIFICATION IN SUMMONS—LIMITATION OF AUTHORITY OF CLERK—MODIFICATION OF JUDGMENT—COSTS OF APPEAL.—The clerk has no

authority to enter judgment for an amount in excess of the amount specified in the summons, and, if a judgment by default is entered in excess of that amount, the superior court will be directed to order the clerk to modify it by entering therein the amount specified in the summons, and the appellant will be allowed the costs of his appeal.

APPEAL from a judgment of the Superior Court of Lassen County and from an order to recall and quash execution and to vacate the judgment. W. T. MASTEN, Judge.

The facts are stated in the opinion of the court.

*Spencer & Raker*, and *F. C. Spencer*, for Appellant.

The judgment is void because the summons does not show service upon the defendant, but upon a person of a different name not intended to be summoned. (*Hahn* v. *Kelley*, 34 Cal. 391–407; 94 Am. Dec. 742; 16 Am. & Eng. Ency. of Law, 125; *McDevro* v. *State*, 23 Tex. App. 429.) Where the summons does not show service upon the defendant named, the court does not acquire jurisdiction of the defendant. (Code Civ. Proc., sec. 410; *McMillan* v. *Reynolds*, 11 Cal. 373; *Reynolds* v. *Page*, 35 Cal. 296; *Southern Pac. R. R. Co.* v. *Superior Court*, 59 Cal. 471; *Dorente* v. *Sullivan*, 7 Cal. 279; *People* v. *Bernal*, 43 Cal. 385; *Drake* v. *Duvenick*, 45 Cal. 455; *Sacramento Sav. Bank* v. *Spencer*, 53 Cal. 739.) The complaint is insufficient to support the judgment, there being no allegation of assignment to the plaintiff. (*Grogan* v. *Ruckle*, 1 Cal. 158, 193; *Youngs* v. *Bell*, 4 Cal. 201; *Hastings* v. *Dollarhide*, 18 Cal. 391; *Mahe* v. *Reynolds*, 38 Cal. 560; *Foltier* v. *Schroeder*, 19 La. Ann. 17; 92 Am. Dec. 522; *Bank of Shasta* v. *Boyd*, 99 Cal. 604; *Fay* v. *Cobb*, 51 Cal. 313; *Roby* v. *Hallock*, 55 How. Pr. 412; *Bank of California* v. *Boyd*, 86 Cal. 386; *Poorman* v. *Mills*, 35 Cal. 118, 121; *Van Giesen* v. *Van Giesen*, 10 N. Y. 316; 18 Am. & Eng. Ency. of Law, 570; *Lord* v. *Chesebrough*, 4 Sand. (Sup. Ct.) 696; Boone's Forms, 51; *Lancaster* v. *Baltzell*, 7 Gill & J. 468; 28 Am. Dec. 233; Bliss on Code Pleading, sec. 232; *Jaccard* v. *Anderson*, 32 Mo. 188; *Rousch* v. *Duff*, 35 Mo. 312; Van Santvoord's Pleadings, 173; *Read* v. *Buffum*, 79 Cal. 81; 12 Am. St. Rep. 131.) The

complaint does not support the judgment for attorney's fees, there being no allegation of the facts. (*Rhoda* v. *Alameda County*, 52 Cal. 352; Code Civ. Proc., sec. 457.) The judgment could not exceed the amount specified in the summons. (Code Civ. Proc., sec. 585, subd. 1; *Bond* v. *Pacheco*, 30 Cal. 530; *Chase* v. *Christianson*, 41 Cal. 253, 256; Code Civ. Proc., sec. 585, subd. 1.)

*Shinn & Shinn*, for Respondent.

The mistake of a terminal letter in the name of the defendant is immaterial, the return showing it was served on the defendant. (*People* v. *Fox*, 39 Cal. 621; Pol. Code, sec. 4178; *Cardwell* v. *Sabichi*, 59 Cal. 490.) The assignment was inferentially averred by showing indorsement, and a fact inferentially averred is good when not objected to by special demurrer. (*Hill* v. *Haskin*, 51 Cal. 175; *Amestoy* v. *Electric R. T. Co.*, 95 Cal. 311; *Hallock* v. *Jaudin*, 34 Cal. 168; *Hentsch* v. *Porter*, 10 Cal. 559.) The attorneys' fees were properly included in the judgment. (*Hallock* v. *Jaudin*, *supra;* *Regensburger* v. *Quinn* (No 15824), Cal., March 15, 1895.)

HENSHAW, J.—There are two appeals. The first is from an order refusing to recall and quash the execution and to vacate the judgment; the second from the judgment rendered against defendant after his default.

The grounds of the motion are that the judgment is void upon its face in showing no service of summons and complaint upon defendant, and that it is void for that the complaint states no cause of action.

1. Upon the summons the sheriff made the following return:

"I hereby certify that I received the within summons on the 14th day of ——, A. D. 189–, and personally served the same on the 16th day of October, A. D. 1893, on L. D. McDow, defendant therein named, by delivering to each of said defendant personally, in the town of Susanville, county of Lassen, a copy of said summons, and upon defendant, L. D. McDown, personally,

in the town of Susanville, county of Lassen, a copy of said summons attached to a copy of the complaint in the action therein named."

The irregularity which it is contended renders the return a nullity is the addition of the terminal letter *n* to the name of the defendant, L. D. McDow. The court, in its order holding the return sufficient, said: "There is no question but that the summons was regularly served. There is but one defendant, viz., L. D. McDow, and the return shows that 'the defendant' was served with copy of complaint, although, by what is evidently a clerical error, a slip of the pen, the letter 'n' is affixed to the last letter of the name 'McDow.'"

We think the ruling and the reasons upon which it is based are both sound.

2. The complaint is in form as follows:

"Plaintiff complains of defendant, and for cause of action alleges: That on the 28th day of November, 1888, the defendant made and delivered to Levy & Alexander his promissory note in the words and figures as follows, to wit:

"'$848.14.        SUSANVILLE, CAL., Nov. 28, '88.

"'On or before the 29th day of November, 1888, without grace, for value received, I, or either of us, promise to pay Levy & Alexander, or order, eight hundred and forty-eight $\frac{14}{100}$ dollars, with interest thereon from November 28, 1888, at one per cent per month, interest to be added to principal and compounded every six months, and ten per cent of total amount due for attorneys' fees incurred in the collection of this note, when collection is made by attorney or other officer. Demand, notice of nonpayment, and protest of this note is hereby waived by each and every signer and indorser. Principal and interest both payable in United States gold coin, and the same collectible in any part of the United States.

"'P. O. Address ———, L. D. McDow.

"'Indorsed: Pay to Jules Alexander.

"LEVY & ALEXANDER.

" That no part of the principal or interest of said note has ever been paid, and the same and the whole thereof is now due and owing from defendant to plaintiff.

" Wherefore, plaintiff demands judgment against the defendant for the sum of $848.14, and interest thereon from the 28th day of November, 1888, according to the terms of said note, and for ten per cent on the amount which may be found due for principal and interest for attorneys' fees incurred in the collection of this note, and for costs of suit."

The test of the sufficiency of this complaint will be found in the answer to the question: Is it or is it not obnoxious to a general demurrer? " When this question arises," to quote the language of Mr. Justice Temple, " courts have always discriminated between insufficient facts and an insufficient statement of facts, and where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by 'necessary implication, the judgment will be sustained." (*Amestoy* v. *Electric R. T. Co.*, 95 Cal. 311; *Garner* v. *Marshall*, 9 Cal. 268; *Hentsch* v. *Porter*, 10 Cal. 555; *People* v. *Rains*, 23 Cal. 128.)

Thus, while a judgment will not relieve from the entire absence of a necessary averment, it will cure defects in all such averments as may by fair and reasonable intendment be found to have been pleaded, although defectively.

The gravamen of the charge against this complaint is that it fails to make the necessary averment of assignment to plaintiff. The note, by containing a provision for the payment of attorneys' fees, was stripped of that essential characteristic of a negotiable instrument by which it could pass by simple indorsement, with all the attaching liabilities, to the indorser. Assignment of it therefore became necessary to convey title. But such an instrument may be assigned by indorsement as fully as may a negotiable instrument. (Civ. Code, sec. 1459.)

The assignment is pleaded in the complaint with Cæsarian brevity by the single word *indorsed*, followed

by the quotation. This, however, is aided by the sub-
sequent statement that the principal and interest are
due from defendant to plaintiff. By fair, if not by
necessary, implication, we learn from this that Levy &
Alexander assigned the instrument by indorsement and
delivered it to plaintiff, and that plaintiff then became
and now is the owner and holder of it. So construed,
the complaint will support the judgment, although it
must be added that the weight is quite all it is capable
of sustaining.

3. We think, also, that there is sufficient in the com-
plaint to support the allowance of attorneys' fees. The
note, which is set forth in full, provides for them, and
the prayer of the complaint asks for them, and the
action is brought by an attorney at law. The sum
asked as attorneys' fees is susceptible of exact deter-
mination by simple mathematical calculation. It is
fairly deducible from the complaint, therefore, that
plaintiff asks an allowance of a specific sum as being
reasonable and due for attorneys' fees under the con-
tract. It is true that this demand is in the nature of
special damages, the allowance of which might have
been contested by defendant. (*Prescott* v. *Grady*, 91
Cal. 518.) But his default admits the truth of the mat-
ters pleaded, and must, therefore, be construed to admit
that the amount claimed is both reasonable and due.
Thus no evidence was required to be taken for the pur-
pose of fixing that amount.

4. The judgment attacked was entered by the clerk
under section 585, subdivision 1, of the Code of Civil
Procedure, which provides: " That in an action arising
upon contract for the recovery of money or damages
only, if no answer has been filed with the clerk, . . . .
the clerk . . . . must enter the default of the defendant,
and immediately thereafter enter judgment."

The action of the clerk in estimating and adding the
amount of the attorney's fee to the judgment under the
above circumstances was as purely ministerial as was
his calculation of interest upon the principal sum of

the note in accordance with the terms and the aver-
ments of the complaint. The clerk was acting within
the scope of his authority in entering judgment.

5. It is finally contended that the judgment should be
reversed because the clerk entered it for an amount in
excess of that specified in the summons. Against this
contention it is urged that the court below modified the
judgment before the appeal was perfected. Nothing in
the record, however, gives evidence of such modifica-
tion, and the judgment must here be considered to be
the one set forth in the transcript. The entry of judg-
ment for an amount in excess of that called for by the
summons was indisputably error. (Code Civ. Proc.,
sec. 585, subd. 1.)

The order appealed from is affirmed, and the superior
court of Lassen county is directed to order its clerk to
modify the judgment by entering therein, in lieu of the
amount named, the amount specified in the summons,
and it is further ordered that appellant have his costs
upon appeal.

McFARLAND, J., and TEMPLE, J., concurred.