[Civ. No. 2450. Second Appellate District, Division One.—February 26, 1919.]

## CATHERINE R. RUPERD, Respondent, v. JOSEPH C. HUNTER et al., Appellants.

[1] MONEY HAD AND RECEIVED—AFFIRMATIVE ISSUE RAISED BY ANSWER —JUDGMENT.—In an action for money had and received, where the answer admitted the receipt of the money and set up affirmative matters in defense, the judgment, based upon findings adverse to the defendant as to the affirmative matters, is a judgment upon a cause of action set forth in the complaint, and not upon one which appears for the first time in the answer.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

George W. Perkins and C. F. Holland for Appellants.

Alfred H. McAdoo and Duke Stone for Respondent.

CONREY, P. J.—The defendant Joseph C. Hunter appeals from the judgment. The complaint is in three counts, but for the purpose of considering the contentions made by appellant it will be sufficient to refer to the first cause of action, together with the answer thereto and the findings of the court. The complaint alleges that on or about August 10, 1912, the defendants, in consideration of the sum of two thousand dollars received by them and in evidence of said indebtedness, executed their thirty-day note to the plaintiff for the sum of two thousand dollars; that after crediting payments made, there remained due and unpaid the sum of $1,907.42. The answer of appellant denied the execution of the note, but admitted that on August 10, 1912, he received from plaintiff the sum of two thousand dollars. The answer then alleged as follows: "Alleges that for more than seven years last past, defendant Joseph C. Hunter has acted as business agent and advisor for this plaintiff, and that during all of said seven years defendant Joseph C. Hunter has attended to the investing and loaning of plaintiff's money. That said sum of two thousand dollars was received by defendant Joseph C. Hunter from this

plaintiff for the purpose of investing said sum of two thousand dollars for the benefit of this plaintiff. That said sum of two thousand dollars was so invested by defendant Joseph C. Hunter at the special instance and request of this plaintiff. That said sum of two thousand dollars was to be returned to plaintiff at such times and in such manner as said investments should allow or mature." The answer further alleged that this defendant has advanced to plaintiff the sum of $1,568.03 for and on account of said sum of two thousand dollars.

The findings of the court are silent upon the subject of the execution of the note or the nonpayment thereof. The court did find, however, that "On or about August 10, 1912, the defendant Joseph C. Hunter received of plaintiff the sum of two thousand ($2,000) dollars under an express agreement between plaintiff and said defendants for the purpose of investing the same for the benefit of the plaintiff, and it was agreed between plaintiff and said defendant that said ·sum of two thousand dollars was to be invested at two (2%) per cent a month and said defendant should pay the plaintiff one (1%) per cent a month while said money was so retained by him; and it was further agreed between plaintiff and said defendant that said sum was to be returned to plaintiff on thirty (30) days' notice from plaintiff to said defendant, and the court finds that the plaintiff demanded the return of said moneys and an accounting thereof more than thirty days before bringing this action; but that the said defendant has never rendered to the plaintiff an accounting for said moneys and has refused to return said moneys to the plaintiff, except the sum of one hundred fifty ($150) dollars." The court further found that the defendant has never repudiated said trust agreement and the statute of limitations had not begun to run prior to filing this action; that it is not true that the defendant Joseph C. Hunter has advanced to plaintiff the sum of $1,568.03 on account of said sum of two thousand dollars, and in truth and in fact said defendant has only advanced on said two thousand dollars the sum of $150 and the sum of $338.97, the latter items being advanced from time to time as interest payments. Based on the foregoing findings, the court awarded judgment to plaintiff against the defendant Joseph C. Hunter in the sum of two thousand dollars, with interest thereon at the rate of

one per cent a month from August 10, 1912, until date of judgment, less credits allowed in accordance with the findings.

The record consists of the judgment-roll and a bill of exceptions. The bill of exceptions contains a notice of intention to move for a new trial, with a statement showing that the motion for new trial was duly presented and the motion denied. The grounds of the motion for new trial included a statement "that said decision is against law." The bill of exceptions does not contain any of the evidence received, or any of the rulings of the court thereon.

[1] Appellant contends that the decision was against law in this, that the court failed to make findings of fact upon the issues presented by the complaint, "but instead has found in favor of plaintiff on an entirely different cause of action than that presented by the pleadings, while the findings are silent as to the real issues of the case." The facts appear to be, however, as we may infer from the findings, that the case was tried upon the affirmative issues tendered by the answer, which showed that the defendant had received the sum of two thousand dollars from the plaintiff in trust for stated purposes, but alleged that nearly one thousand six hundred dollars thereof had been returned. Presumably in accordance with the evidence produced at the trial, the court found that a very much smaller sum had been returned, and rendered judgment for the actual balance remaining in defendant's hands. So far as the record shows, it may be that no evidence concerning the execution of the note was received at the trial, and it may be assumed that such note was not executed. If the defendant had rested upon his denial with respect to the note, perhaps that would have been sufficient to dispose of the action in his favor, leaving the plaintiff free to maintain another action upon defendant's indebtedness to her. Since the defendant chose to anticipate such a proceeding by an affirmative statement of facts raising the actual issues of the case, we cannot see that he is in a position to complain of the result at this time. Presumably he permitted the court, without objection on his part, to try and determine the controversy, as seems to have been done. The answer, while denying the execution of the note, asserted that this defendant received the plaintiff's money at the time stated in the complaint, but alleged that it was received for the purpose of investing the same in loans for the benefit of the plaintiff, and

that those loans were made. The answer did not deny that all of those loans had been repaid to the defendant. The real question at issue seems to have been with respect to the amount that had been repaid by appellant to plaintiff. On that issue we must assume that the findings of fact are in accordance with the evidence. The conclusion at which we have arrived in this matter is in harmony with the opinion of the third district court of appeal as stated in *Boyle* v. *Coast Improvement Co.,* 27 Cal. App. 714, [151 Pac. 25], and *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318, [147 Pac. 90]. In each of those cases the supreme court denied an application for a rehearing. As was said in the Slaughter case: ''It seems to us that the reformed procedure would receive a decided shock if a defendant should be permitted to stand by and without objection allow an issue to be tried as though properly presented by the pleadings and on appeal escape the consequences by claiming that the complaint failed to present such issue.'' It has been held directly that where an answer raises an issue not presented by the complaint, and upon which a judgment might be based, such pleadings are a sufficient basis for the judgment. (*Grangers' Union* v. *Ashe,* 12 Cal. App. 757, [108 Pac. 533]. See, also, *Abner Doble Co.* v. *Keystone etc. Co.,* 145 Cal. 490, [78 Pac. 1050] ; *Vance* v. *Anderson,* 113 Cal. 532, [45 Pac. 816].)

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1919, and the following opinion then rendered thereon:

THE COURT.—The opinion of the district court of appeal may possibly be taken as holding that a judgment for plaintiff may be sustained upon findings adverse to the defendant upon affirmative allegations of the answer, although the cause of action to which such allegations and findings are responsive is not one set up in the complaint. If this is the construction to be put on the opinion, we are not willing to concur without further consideration. But, in fact, this question is not involved. The complaint as amended is in reality one for money

had and received. The answer admitted the receipt of the money and set up affirmative matters in defense, and to these last-mentioned matters the findings are responsive. The judgment upon these findings is, therefore, a judgment upon a cause of action set forth in the complaint and not upon one which appears for the first time in the answer. A hearing in this court is, therefore, denied.

Olney, J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.

Angellotti, C. J., concurred in the order denying a hearing in the supreme court.