[Civ. No. 2482. Third Appellate District.—January 11, 1923.]

THE DIAMOND MATCH COMPANY (a Corporation), Respondent, v. AETNA CASUALTY & SURETY COMPANY (a Corporation), Appellant.

[1] PLEADING—ACTION ON PUBLIC WORKS BOND—EXECUTION BY DEFENDANT—SUFFICIENCY OF COMPLAINT.—Where a copy of the undertaking is set out in the complaint on a public works bond and, although there is no allegation that the undertaking was executed by defendant, no demurrer is interposed, but the defendant files an answer in which the only issue tendered is as to the amount due plaintiff, the defendant cannot successfully maintain on appeal that one of the material issues was not sufficiently presented by the complaint.

[2] ID.—ADMISSIONS—FINDINGS.—In such action, the genuineness and due execution of the undertaking being admitted, no finding thereon is required.

[3] ID.—QUANTUM MERUIT—INTEREST.—Where the complaint in such an action is based upon a *quantum meruit,* and not upon an express contract, and the defendant files an answer admitting that a part of the money sued for is due and offering to allow judgment to be entered for that sum, but judgment is given for a larger amount, interest is allowable on the amount admitted to be due from the date of the filing of the answer to the date of the judgment and on the larger amount found to be due from the date of the judgment.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Frank Freeman and George R. Freeman for Appellant.

George F. Jones for Respondent.

BURNETT, J.—The action was brought to recover on an undertaking executed by defendant to secure the payment by W. R. Zumwalt to plaintiff of the amount due for lumber and building material furnished to said Zumwalt for the construction of a public school building in Corning, Tehama County, and plaintiff recovered judgment for the sum of $6,553.54, with interest thereon from March 11, 1921, the date of the filing of the complaint. The appeal is from the judgment and the contentions of appellant are, first, that the complaint is fatally defective; second, that the findings do not support the judgment; and third, that interest should not have been allowed until the judgment was rendered.

[1] The particular point as to the complaint is that there is no allegation that the undertaking was executed by defendant, and it is claimed that, although no demurrer was filed, the question goes to the sufficiency of the statement of a cause of action and can be raised at any time. Appellant relies upon *San Francisco S. Co.* v. *Aetna I. Co.*, 7 Cal. App. 98 [93 Pac. 888], and similar decisions. In the first of these it was said: "It is elementary that in order to state a cause of action against a surety upon an undertaking, the complaint must in some way allege or show that the defendant executed or delivered the undertaking."

On the other hand, it is the contention of respondent that this fact sufficiently appears to withstand a general demurrer or, at any rate, a cause of action is stated under the Public Works Bond Act of March 27, 1897 (Stats. 1897 p. 201), as amended in 1911 (Stats. 1911, p. 1422); and attention is called to the various allegations of the complaint setting out the corporate capacity of the parties, the fact that a contract in writing was executed on February 11, 1920, by said Zumwalt and said school district for the erection of a public school building; that said contract was duly recorded; that said Zumwalt "before entering upon the performance of said work duly filed with the said board of trustees . . . a bond of which the following is a true and correct copy" (the bond being set out in full); that said bond was in the sum of not less than one-half of the total amount payable to the said W. R. Zumwalt by the terms of said contract, and that it was duly approved by said board of trustees before being filed; that plaintiff sold to said Zumwalt lumber and building material of the value

of $16,507.33 to be used and which were used in said building, the amount paid and the balance still due on said claim were also alleged; that the work was finished on January 15, 1921, and that the notice of completion was filed in the county recorder's office on January 20, 1921; that on December 17, 1920, plaintiff filed with said board of trustees its verified statement of claim against the contractor and "that ninety days have not elapsed since the completion and acceptance of said building or since the filing of said verified claim."

Whether there should have been an additional specific allegation that said undertaking was executed by defendant it is unnecessary to decide for the reason that it is entirely apparent that, under the peculiar facts of the case, appellant was not prejudiced by the absence of such allegation and it should not be permitted to raise the objection now. This will appear from the following statement: The default of defendant was entered for its failure to appear, but thereafter on motion the default was set aside and an answer was filed in which the only issue tendered was as to the amount due to plaintiff from said Zumwalt, defendant claiming that it was $6,431.18 instead of $7,158.54 as claimed by plaintiff. Thereafter, on June 15, 1921, an amendment to the answer was filed, stating the amount due to be $6,297.68 and praying "that plaintiff take judgment for no greater sum than the sum of $6,297.68." Another amendment was subsequently filed after trial in which it was claimed that Zumwalt was entitled to a credit of $234.10 for work done by him which should have been done by plaintiff. Since a copy of the undertaking was set out in the complaint, the case is one for the application of section 447 of the Code of Civil Procedure, providing: "When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due execution of such instrument are deemed admitted, unless the answer denying the same be verified."

Herein there was no denial of the same, the only denial being, as we have seen, as to the exact amount which was due. Appellant claims that the section furnishes a rule of *evidence* but not of *pleading*. If we concede that it is thus correctly characterized, it cannot be disputed that the situa-

tion is the same in effect as if the appellant had admitted or stated in open court that said undertaking was genuine and was duly executed. Indeed, in view of said exhibition of the bond and the only denial of the answer as to the amount due, the court was called upon to try only that one issue and appellant is in the same situation as though it had admitted that such was the only controversy in the case. Under such circumstances the practical and sensible rule in the interest of the expeditious administration of justice precludes an appellant from successfully maintaining on appeal that one of the material issues was not sufficiently presented by the complaint. Indeed, the case is the same in principle as though there was an agreed statement of all the material facts except the single one to which we have referred.

This phase of the matter is governed by the principle announced in such cases as *Cushing* v. *Pires,* 124 Cal. 663 [57 Pac. 572] ; *Throop* v. *Weaver,* 180 Cal. 335 [181 Pac. 55] ; *Slaughter* v. *Goldberg, Bowen & Co.,* 26 Cal. App. 318 [147 Pac. 90] ; *Boyle* v. *Coast Improvement Co.,* 27 Cal. App. 714 [151 Pac. 25] ; *Rupert* v. *Hunter,* 40 Cal. App. 96 [180 Pac. 638].

In the first of these it is said: "It is true that the objection that the complaint does not state a cause of action may be successfully made for the first time on appeal, but the appellate court will not be over zealous to find a defect in a complaint that the appellant himself failed to discover until the case had been decided against him on its merits."

In the second, the court declares: "Appellants also make the point that the cross-complaint does not state a cause of action, their criticism really being that the cause of action pleaded is not a proper matter for cross-complaint. Conceding this to be true, they cannot here raise the point as they joined issue upon said cross-complaint and went to trial without demurring or objecting."

In the Goldberg case the court declared: "It seems to us that the reformed procedure would receive a decided shock if a defendant should be permitted to stand by and without objection allow an issue to be tried as though properly presented by the pleadings and on appeal escape the consequences by claiming that the complaint failed to present such issue." Therein, it is to be observed, there was omitted from the complaint an essential element in the statement of

a cause of action, but it was held to be unjust to permit appellant to maintain the point on appeal.

In *Boyle* v. *Coast Improvement Co., supra,* it was said: "If counsel were of the opinion that the complaint stated no cause of action, or, if they conceived that the negligence to the proof of which the testimony was directed, was not the negligence pleaded and relied upon in the complaint, they should have objected to the evidence upon that specific ground and their failure to do so supplied the deficiency of the complaint in that respect or any omission to allege therein facts essential to the statement of a cause of action."

The last two decisions were cited with approval in the Rupert case, *supra,* and in all three a hearing was denied by the supreme court.

Assuredly, there is as much reason herein as in any of those cases for disallowing this belated objection.

[2] A similar objection has been made to the findings, but since the genuineness and due execution of the instrument are deemed admitted no finding thereon was required. Our practice does not demand a finding upon a fact that is not disputed. Besides, the execution of the bond does sufficiently appear in finding 4: "That the bond executed and delivered by the defendant herein as surety for the said W. R. Zumwalt, and upon which this action is brought, does not provide," etc. Of course, the rule is to construe the findings, if possible, so as to uphold the judgment and we think the application of that rule to this case does not give rise to any serious difficulty.

[3] As to the allowance of interest, there seems to be some merit in the contention of appellant. The liability of the surety, admittedly, is coextensive with that of the principal and the latter's obligation was based upon a *quantum meruit.* Ordinarily, in reference to the allowance for interest, a distinction exists between such case and one based upon an express contract. (*Cox* v. *McLaughlin,* 76 Cal. 60 [99 Am. St. Rep. 164, 18 Pac. 100]; *Courteney* v. *Standard Box Co.,* 16 Cal. App. 600 [117 Pac. 778]; *Merchants C. Agency* v. *Gopcevic,* 23 Cal. App. 216 [137 Pac. 609]; *Sea* v. *Lorden,* 37 Cal. App. 444 [174 Pac. 85]; *Erickson* v. *Stockton etc. Co.,* 148 Cal. 206 [82 Pac. 961].)

However, in *Gray* v. *Bekin,* 186 Cal. 389 [199 Pac. 767], the defendants admitted in the answer that the amount was

due as subsequently found by the trial court; and in discussing the question the supreme court said:

"The test, then, to be applied in the instant case is whether or not the exact sum found to be due was known and admitted by the defendants to be due to the plaintiffs. We are of the opinion that the allegations of the defendants' answer in the particulars previously pointed out constituted an acknowledgment of plaintiffs' claim, to *the extent of the sum therein admitted*, and by the trial court found to be due to the plaintiffs. In short, the admission of the defendants' answer in this behalf was tantamount to the ascertainment of the balance found to be due the plaintiffs, and consequently, interest should have been allowed thereon from the date of the filing of the answer, namely, March 27, 1907 (*Skinker* v. *Clute*, 9 Nev. 342)."

Herein, on April 22, 1921, appellant filed an answer in which it admitted expressly that the sum of $6,431.18 was due and offered to allow judgment to be entered for that sum in favor of plaintiff and against defendant, provided that an order given by said Zumwalt on February 28, 1921, to the board of trustees for the payment of that sum to plaintiff was not accepted and the money therein paid to the plaintiff. But, as we have seen, on June 15th this was amended, so as to admit that $6,297.68 was due. Under the settled rule, therefore, plaintiff should be allowed interest on that sum from the date of the filing of the amended answer, and on the amount found due from the time of the judgment. It is to be observed that this is in accordance with the provision of section 1917 of the Civil Code allowing interest on an "account, from the day on which the balance is ascertained." Herein, the admission in the answer is equivalent to an ascertainment on that date that $6,297.68 was due, but the difference between that sum and the said $6,553.54 was not ascertained till the date of the judgment.

As the question involves a mere matter of computation there is no necessity for a new trial.

The judgment is modified by striking therefrom the phrase "together with interest thereon from the date of the commencement of this action, to wit, March 11, 1921," and substituting therefor "together with interest on the sum of $6,297.68 from June 15, 1921, to the date of the judgment,

and interest on the sum of $6,553.54 from the date of the judgment," and, as thus modified, the judgment is affirmed.

Finch, P. J., and Hart, J., concurred.