[L. A. No. 7985. In Bank.—March 24, 1927.]

THE PEOPLE, Respondent, v. R. McDONALD et al., Appellants.

[1] Bail—Action upon Bail Undertaking—Pleading—Release from Custody.—In an action upon an undertaking for bail an averment in the complaint of release upon or by reason of the execution and delivery of the undertaking is indispensable, and in the absence of such an allegation a demurrer to the complaint on that ground should be sustained.

[2] Id.—Inferential Allegation—Appeal.—In an action to recover upon a bail bond, although the complaint is deficient in lacking a direct averment upon that subject, where it, by implication, reveals that the person for whom the undertaking has been furnished had, in fact, been released from custody, the allegation, in the absence of a demurrer on that ground, will be held to be sufficient on appeal.

---

(1) 4 C. J., p. 1165, n. 52 New; 6 C. J., p. 1066, n. 51, 53. (2) 6 C. J., p. 1078, n. 44; 31 Cyc., p. 766, n. 30, p. 769, n. 50.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Wiley and T. N. Harvey for Appellants.

H. E. Schmidt, District Attorney, for Respondent.

THE COURT.—This appeal was placed upon a special calendar of this court upon an order to the respondent to

---

1. See 3 Cal. Jur. 1071.

show cause why the judgment herein should not be reversed, or that such order be made as might be meet in the premises. At the time of the placing of said cause upon said calendar, and the entry of·said order, it appeared that the appellants' brief had been filed herein, but that no brief on behalf of the respondent had been filed, although the time for the filing of such brief under the rules of this court had long since expired. In response to said order to show cause the respondent has indicated its willingness to have the matter submitted upon the appellants' brief. The appeal herein is from a judgment entered by the superior court of Kern County in an action against the appellants on an undertaking of bail executed by them in the sum of two thousand dollars. As their sole ground for reversal of said judgment the appellants urge that the complaint is fatally defective in that it fails to allege that the person for whom the undertaking of bail was executed and delivered had been released from custody. In support of this contention reliance is had on the case of *County of Los Angeles* v. *Babcock*, 45 Cal. 252.

[1] We have no quarrel with the doctrine enunciated in that case. It is correctly held therein that an averment of release upon or by reason of the execution and delivery of the undertaking is indispensable in an action thereon and that in the absence of such an allegation a demurrer to the complaint on that ground should be sustained. That case, however, is not decisive here. In the case of *Elizalde* v. *Elizalde*, 137 Cal. 634, 637 [66 Pac. 369, 70 Pac. 861, 862], this court declared: "Reversals for lack of formal allegations that might have been supplied by amendment are not favored after trial on the merits. (*Cushing* v. *Pires*, 124 Cal. 663 [57 Pac. 572].) And where a necessary averment has been only inferentially pleaded, it will be held sufficient after judgment and in the absence of demurrer." It is held in *Alexander* v. *McDow*, 108 Cal. 25, 29 [41 Pac. 24, 25], that "while a judgment will not relieve from the entire absence of a necessary averment, it will cure defects in all such averments as may by fair and reasonable intendment be found to have been pleaded, although defectively." The early case of *Hill* v. *Haskin*, 51 Cal. 175, 178, contains the following "Instead of alleging the fact directly it was stated only inferentially, and might have been demurred to on this ground. The defect could then have been cured by an

amendment. But having proceeded to trial without inter- posing the objection it was too late afterwards for the de- fendant to raise the point that the offer to account ought to have been averred with greater precision and directness." Other authorities to the same effect are *Houston v. Williams*, 53 Cal. App. 267, 272 [200 Pac. 55]; *Diamond Match Co. v. Aetna Casualty & Surety Co.*, 60 Cal. App. 425, 428 [213 Pac. 56]; *Resetar v. Leonardi*, 61 Cal. App. 765 [216 Pac. 71].

[2] The rule announced in these latter cases disposes of appellants' contention, for the complaint in the instant case, though deficient in so far as a direct averment is concerned, nevertheless, by implication, reveals that the person for whom the undertaking had been furnished had, in fact, been released from custody. This material allegation having been pleaded inferentially, it follows that the appellants, in the absence of a demurrer on that ground, are now precluded from asserting that the complaint is defective in this re- spect. It is true that a special demurrer was interposed in the trial court, but upon grounds not now urged.

For the foregoing reasons the judgment appealed from is hereby affirmed.

Rehearing denied.