[Civ. No. 9293. First Appellate District, Division Two.—October 22, 1934.]

FLORENCE WILSON, Respondent, v. LEE J. MILLER, Appellant.

Leslie C. Gillen, Milton J. Coghlan, Leo J. McEnerney and McEnerney, Morris, Gillen & McEnerney for Appellant.

Harry J. Bias for Respondent.

NOURSE, P. J.—Plaintiff sued for damages resulting from an automobile collision. The defendant defaulted and plaintiff had judgment after trial for $1250. The defendant has appealed on the judgment-roll.

The sole point raised by appellant is that the complaint fails to state a cause of action. The complaint alleges that the defendant was the owner of and was operating a certain automobile, and that "the said plaintiff was riding in said automobile as a passenger therein". Appropriate allegations covering defendant's negligence and plaintiff's injuries followed. The appellant argues that the allegation that plaintiff was a "passenger" is insufficient to charge him with wilful misconduct under the "Guest Law", section 141¾ of the California Vehicle Act. (Deering's Gen. Laws, Act No. 5128.)

It may be conceded that the complaint is not a model of good pleading, but no demurrer was interposed, and no appearance was made by the appellant, either by answer or by motion to set aside the default. The appeal comes to us without any record of the evidence and, of course, without findings. We are forced to assume that the trial court heard evidence sufficient to support the judgment, and this may well have been done under the allegation that plaintiff was a "passenger", because, if a passenger for hire, the plaintiff was entitled to recover without a charge of wilful misconduct. (10 C. J. 1000.)

The appellant argues- that, under these allegations of the complaint, the plaintiff may have been a passenger for hire or a "guest" passenger; and that, if the latter, she should have charged wilful misconduct in express terms. There is no support for appellant's assumption that the complaint attempted to plead the guest relation under the California Vehicle Act. It is a fair assumption that, as a "passenger" plaintiff had either paid her fare or had obligated herself to do so. If we give the complaint the most favorable interpretation, we have a charge of negligence in general terms directed to one who was carrying a "passenger",

and, if it is necessary to find that the passage was for hire, that finding must be implied in support of the judgment. (*Garrison* v. *Hogan*, 112 Cal. App. 525, 532 [297 Pac. 87]; *Alexander* v. *McDow*, 108 Cal. 25, 29 [41 Pac. 24]; *People* v. *McDonald*, 200 Cal. 716, 717 [255 Pac. 180].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.